CITY OF CLEVELAND, APPELLANT, *v.* BECVAR ET AL., APPELLEES.

(Nos. 54459 and 54460—Decided October 31, 1988.)

*Patricia Blackmon,* city prosecutor, for appellant.

*Kraig & Pasz* and *Jerry B. Kraig,* for appellees.

DYKE, J. On August 3, 1987, Cleveland police officers executed search warrants on several businesses on Brookpark Road in Cleveland, Ohio. While they were performing their searches, the police arrested the appellee, Richard Becvar, at 16700 Brookpark Road and the appellee, Linda Casey, at 16500 Brookpark Road. In addition to arresting these individuals, the police impounded their automobiles which were parked in each business's respective parking lot.

After posting bonds for the release of their vehicles, the appellees filed objections to the city's impounding of their automobiles. On September 3, 1987, the trial court held hearings on these objections. In both cases, the court ruled that the Cleveland police did not have probable cause to impound the appellees' vehicles. Consequently, the court ordered that the bonds posted by the appellees be returned to them.

The appellant, city of Cleveland, timely appealed the trial court's judgments. On August 8, 1988, we *sua sponte* consolidated both of these cases for briefing, hearing, and disposition.

Appellant assigns one error to the trial court. This assignment of error is:

"The trial court erred in deciding that there was no probable cause for the towing of defendants' vehicles."

Cleveland Codified Ordinances Section 405.02 provides in part:

"Police officers are authorized to provide for the removal of a vehicle under the following curcumstances:

"* * *

"(g) When any vehicle is left unattended due to the removal of an ill, injured or arrested operator."

Based on this ordinance, the appellant claims that Cleveland police did not need probable cause to tow the appellees' vehicles. Accordingly, the appellant argues that since its impoundment of those vehicles was proper, the trial court erred in returning the bonds posted by the appellees.

Appellant's argument is untenable. Appellant fails to admit the existence of Cleveland Codified Ordinances Section 405.05. This city ordinance provides in part:

"(a) The owner or other person lawfully entitled to possession of an impounded vehicle shall have the following three options with respect to such vehicle:

"* * *

"(3) The owner or other person lawfully entitled to possession of such vehicle shall request a probable cause hearing. The hearing shall take place on the day after such owner or other person has given written notice to the Cleveland Police Division Vehicle Impound Unit of his intention to challenge the towing. * * *

"The hearing shall be held before a judge in the Municipal Court. The scope of the hearing shall be confined to the issue of whether there was probable cause to believe the vehicle was parked in violation of law at the time of towing. The Court shall receive into evidence the Police Division's dispatch card on the vehicle or the traffic citation or notice which led to the impoundment of the vehicle. The Court

shall also receive into evidence a computer printout from the Cleveland Alert Law Enforcement System (CALES) if the vehicle was towed pursuant to Section 405.02(j). The admission into evidence of the dispatch card or traffic citation or notice, or the dispatch card or traffic citation or notice and the computer printout where the vehicle was towed pursuant to Section 405.02(j), shall constitute a prima facie showing of probable cause. Additional evidence, however, may be offered by the City. The owner or other person lawfully entitled to possession of the vehicle may offer evidence at the conclusion of the City's case, which may be followed by rebuttal. The hearing shall be conducted under the rules of evidence prevailing in criminal trials generally. Upon conclusion of all the evidence, the Court shall do one of the following:

"A. Find that there was no probable cause to believe that the vehicle was parked in violation of law at the time of towing, in which case the vehicle shall be released without charge."

In this case, the city adduced no evidence which might have shown that the appellees' vehicles were evidence in criminal cases, used to commit crimes, or obtained with funds derived from criminal activities. In light of these facts, the appellees were entitled to recover their vehicles through Cleveland Codified Ordinances Section 405.02. Even if we held that Cleveland police had properly impounded the appellees' vehicles,[1] the above ordinance makes it clear that an arrested person may retrieve his automobile from the city of Cleveland without charge if there was no probable cause to believe that the vehicle was parked in violation of law. Therefore, the trial court's orders in these cases were proper. Appellant's assignment of error is overruled.

*Judgment affirmed.*

MARKUS, J., concurs.

ANN McMANAMON, P.J., concurs in judgment only.

ANN McMANAMON, P.J. I concur in judgment only.

Cleveland Codified Ordinance Section 405.02(a)(3) entitled Richard Becvar and Linda Casey to a hearing on whether the police had probable cause to believe their vehicles were parked in violation of law at the time of towing. It was undisputed Becvar and Casey were arrested inside the establishments. The arresting officers testified Casey's auto was blocking the driveway to "The House of Movies" parking lot. Casey averred she was parked in the patron lot. The city introduced no evidence that Becvar's vehicle was parked illegally. The trial court was free to disbelieve the officers' testimony, *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, and conclude the defendants' autos were not parked in violation of the law.

The city's reliance on Cleveland Codified Ordinance Section 405.02 is misplaced. This ordinance provides:

"Police officers are authorized to provide for the removal of a vehicle under the following circumstances:

"* * *

"(g) When any vehicle is left unattended due to the removal of an ill, injured or arrested operator."

Neither Becvar nor Casey was "removed" from his legally parked automobile. This ordinance does not give police an absolute right to tow an

---

[1] Since this case can be decided on other grounds, we decline to address the appellant's interpretation of Cleveland Codified Ordinances Section 405.02(g).

arrestee's vehicle regardless of its location.

MARKUS, J., concurs in the foregoing opinion.